**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **GREGORY BLACKWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | 1:10CV27 |
| v. | ) | 1:07CR200-12 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Gregory Blackwell, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 405.)[1] Petitioner was charged in a superseding indictment with a single count of conspiring to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Docket No. 106.) Petitioner later pled guilty to that charge and was sentenced to 135 months of imprisonment. (Docket Nos. 169, 187, 379.) Petitioner did not file a direct appeal, but instead filed his motion under § 2255. Respondent has filed a response (Docket No. 411), Petitioner has filed a reply (Docket No. 417), and the matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

[1] This and all further cites to the record are to the criminal case.

## Discussion

Petitioner raises only one claim for relief in his motion. He contends that he was provided with ineffective assistance of counsel when his attorney failed to properly contest the application of a two-level sentencing increase under USSG § 2D1.1(b)(1) for possessing a firearm during a drug offense. Where a gun is possessed during a drug offense, the two-level increase applies "unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. n.3.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Here, Petitioner was involved in dealing multi-kilogram quantities of cocaine as part of a large-scale drug conspiracy. When Petitioner's residence was searched following his arrest, twenty-one firearms were found, along with $83,228 in cash. At sentencing, counsel did initially contest the application of the two-level increase. (Docket Nos. 303, 311.) In doing so, he argued that there was no evidence to contradict Petitioner's statements that he never sold or purchased drugs at his residence, that he never took a gun with him while dealing drugs, that he never bought a gun with drug proceeds, and that he possessed all of the firearms before he became involved in the conspiracy. (Docket No. 311.)

The government, on the other hand, contended that Petitioner's residence was connected with the drug offenses. It noted that more than sixty thousand dollars was seized from a gun safe in a bedroom, that another twenty-three thousand in currency was seized from a night stand in the master bedroom, that digital scales were found in the pantry, that thirteen guns were in the gun safe, that a rifle was in the closet of the master bedroom, that a shotgun was in the closet of another bedroom, that a .40 caliber handgun was located in the china cabinet, that a 9mm handgun was found above the stove in the kitchen, that another 9mm handgun was found in or on the living room sofa, that a .380 caliber handgun was found in the oven in the kitchen, and that a .38 caliber handgun was found in the foyer closet. Ammunition was recovered from the gun safe, the bedrooms, the china cabinet, the oven, and the foyer closet. (Docket No. 303.)

As counsel explains in an affidavit attached to Respondent's response brief, the only way to avoid the two-level enhancement was to call Petitioner as a witness, have him testify that the guns were not used to protect his drug operation, and have the sentencing judge believe the testimony. He was prepared to attempt this, but the prosecutor suggested that they take a break to look at some pictures. During the break, counsel learned that it was Petitioner's practice to cook samples of cocaine to check its quality. He was also presented with pictures showing various firearms, cash, and drug-related items such as plastic bags, latex gloves, and large boxes of baking soda. These pictures were apparently taken during the search of Petitioner's residence. Counsel was concerned that if Petitioner testified that the guns were not there to protect his drug money or to protect him while he was cooking cocaine on the oven, not only would he lose the argument concerning the two-level increase for the firearms, but he might also receive a further two-level increase for obstruction of justice. Counsel states that he explained this to Petitioner and that Petitioner agreed not to testify. Counsel then withdrew his objection to the increase. (Docket No. 411, Ex. A.)

Petitioner states as a part of his reply brief that he did not cook drugs in his home, but in a barn five miles away, that the .380 caliber handgun was found on, not in, the oven, that there were never any drugs in his residence, and that the guns in the safe with the money were not loaded. He faults counsel for never learning these facts from him. (Docket No. 417.)

-4-

Even taking the unsworn factual statements from Petitioner's reply brief at face value, he cannot prevail. Certainly, the increase would apply if the government showed that Petitioner used the guns to protect drugs that were in his home or to protect himself while cooking drugs on his stove. However, these are not the only ways for it to apply. Guns can also be connected with a drug conspiracy if they are present to protect drug proceeds. *See*, *e.g.*, *United States v. Stewart*, 306 F.3d 295, 328 (6th Cir. 2002)(two-level increase appropriate where no drugs were found in residence, but $20,000 in apparent drug proceeds and a handgun were found); *United States. v. Wilson*, 114 F.3d 429, 430-31 (4th Cir. 1997)(applying increase where defendant possessed guns to protect himself and drug proceeds). Whether or not Petitioner ever possessed or cooked drugs in his house, he was caught in possession of over eighty thousand dollars in currency in his home. Quite clearly, he was bringing drug proceeds into the residence where the guns were located. Further, the unloaded guns that were in the safe along with a large part of the cash are not a major concern. The much greater problem for Petitioner was that he had other guns, along with ammunition, hidden in multiple places in his home where they could readily be accessed in the event of a robbery attempt. One of the pictures supplied to counsel shows a gun with the ammunition clip removed and a clip lying beside the gun. It contains a visible round of ammunition, indicating that at least one of the guns in Petitioner's home was loaded at the time of his arrest. (Docket No. 411, Ex. A.) No matter what Petitioner's testimony might have been concerning the presence of drugs in his home, the placement of the guns and

-5-

Case 1:07-cr-00200-NCT   Document 418   Filed 05/18/10   Page 5 of 6

ammunition around the house, would have made it extremely easy for the sentencing judge to conclude that the guns were being used to protect the drug proceeds. Had Petitioner denied this, he certainly exposed himself to the likelihood of a further two-level sentencing increase based on obstruction of justice.

Counsel was keenly aware of the situation facing Petitioner and made the strategic decision to advise him not to take the stand. When deciding an ineffective assistance of counsel claim, this Court must give deference to strategic decisions. *See Strickland*, 466 U.S. at 690-91. The decision was certainly a reasonable one given the facts in this case. Further, far from prejudicing Petitioner, counsel's decision very likely saved him from an even longer sentence. Petitioner's claim that his attorney did not provide him with effective assistance fails and should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 405) be denied and that this action be dismissed.

/s/ P. Trevor Sharp<br>United States Magistrate Judge

Date: May 18, 2010